# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESQUIRE PROPERTIES TRADING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>STARMAX ENTERPRISES, INC., a California corporation, dba "Starmax Cash & Carry" and "Hookah King"; US GLOBAL IMPORT, INC., a California corporation; and Does 1 to 50.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:14-cv-09379-MMM(AJWx)<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>LIMITATIONS</u>

Nothing in this Order confers blanket protections on all disclosures or responses to discovery, and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  Further, this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staff.

2.2. <u>Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, served or otherwise provided in this action by the parties or by non-parties.

2.3. <u>"Confidential" Information or Items</u>: information or any other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains, or reflects confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation, research, trade secrets as defined by the *California Uniform Trade Secrets Act, California Civil Code* § 3426.1(d) ("(d) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy"), and party financial or personnel information.

2.4. "Highly Confidential –Attorneys' Eyes Only" Information or Items: "Confidential" information as defined in Section 2.3 and party financial or personnel information whose content, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties.  General examples of such "Attorneys Eyes Only" information may include  trade secrets, minutes of Board meetings, pricing data, financial data, sales information, customer confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies, or information about employees.  These examples are provided for illustrative purposes only and do not constitute an admission of the relevancy of any such materials in this litigation.

2.5. Producing Party: a Party or non-party that produces Material in this action.

2.6. Receiving Party: a Party that receives Material from a Producing Party.

2.7. Designating Party: a Party or non-party that designates information or items as "Confidential" or "Highly Confidential -Attorneys' Eyes Only."

2.8. Protected Material: any Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. Outside Counsel: attorneys (including litigation and clerical support staff) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries, but who are counsel of record for a Party in this action or advise a Party in this action.

2.10. House Counsel: attorneys who are employees of a Party.

2.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not (i) anticipated to become an employee of a Party or a competitor of a Party or (ii) a consultant

involved in product, process and/or software design or development relating to network authentication for a Party or for a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>.

The terms of this Order shall survive the final termination of this action to the extent that any Protected Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Order. The parties agree that any order of dismissal of this action as to any or all parties shall include a specific provision that the Court retains jurisdiction to enforce the terms of this Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify –

so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If the Receiving Party believes a portion of the page so designated does not contain Protected Material or should be given a lower level of protection, the Receiving Party may make a request to the Producing Party that that portion be de-designated.  The change in the level of protection may be indicated by making appropriate markings in the margin of the affected page.

(b)     For Native and/or Other Electronic Materials, all Protected Material not reduced to hard copy, tangible or physical form or that cannot be conveniently designated as set forth in Paragraph 5.2(a) shall be designated by informing the Receiving Party of the designation in writing.  To the extent the Receiving Party subsequently generates any

permitted copies of this information, whether electronic or hard copy, it shall ensure that all such copies are clearly designated with the appropriate confidentiality designations.

(c) For documents made available for inspection, a party or non-party need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  If a document has more than one designation, the more restrictive or higher designation applies.

(d) For testimony given in deposition or in other discovery-related proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition or other discovery-related proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Testimony identified in this way will retain the protection of its designation as Protected Material without any further action by the Designating Party.  Any Party may also designate testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying the court reporter and all of the parties, in writing within thirty (30) days after receipt of the final corrected deposition transcript, of the specific pages and lines of the transcript that should be treated thereafter as "CONFIDENTIAL" or "HIGHLY

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY".  In such a case, each Party shall attach
2  a copy of such written notice or notices to the face of the transcript and each copy thereof in
3  his/her possession, custody or control.  In any event, all deposition transcripts shall be
4  treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for at least a
5  period of thirty (30) days after receipt of the final corrected transcript.
6      (e)    For information produced in some form other than documentary, and for any
7  other tangible items, that the Producing Party affix in a prominent place on the exterior of
8  the container or containers in which the information or item is stored the legend
9  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If
10  only portions of the information or item warrant protection, the Producing Party, to the
11  extent practicable, shall identify the protected portions, specifying whether they qualify as
12  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."
13      5.3.    <u>Inadvertent Production.</u>
14      (a)    Inadvertent Failures to Properly Designate.  If a Party or non-party
15  inadvertently produces Material without labeling or otherwise designating it in accordance
16  with the provisions of this Order, the Party or non-party may give written notice to the
17  Receiving Party that the Material produced is designated "CONFIDENTIAL" or "HIGHLY
18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" and should be treated as such in
19  accordance with the provisions of this Order.  The Receiving Party must treat such Material
20  according to its most recent designation of "CONFIDENTIAL" or "HIGHLY
21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" from the date such notice is received.
22  If, before receiving such notice, the Receiving Party disclosed such Material to recipients
23  who are not qualified to receive it under the most recent designation, the Receiving Party
24  must immediately inform the Designating Party of all pertinent facts relating to such
25  disclosure and shall make all reasonable efforts to assure that the Material is treated in
26  accordance with the provisions of this Order, including retrieving any copies that may have
27  been disclosed to unqualified recipients.  Nothing in this section shall preclude a Party from
28  challenging the propriety of the claim of confidentiality.

(b) No Waiver of Privilege. The production or inspection of Material that a Producing Party claims was inadvertent and should not have been produced or disclosed because of the attorney-client privilege, the work product immunity or any other applicable privilege or immunity from discovery shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the Material not inadvertently been produced or disclosed. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Material. The return of such Material shall not in any way preclude the Receiving Party from moving the Court for a ruling that the Material was never privileged.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1. Challenges. The Designating Party shall use reasonable care when designating Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Nothing in this Order shall prevent a Receiving Party from contending that any Material has been improperly designated. If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and, in addition to the written notice, must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is

1  offered, to explain the basis for the chosen designation. A challenging Party may proceed to
2  the next stage of the challenge process only if it has engaged in this meet and confer process
3  first.

4        6.3.    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a
5  confidentiality designation after considering the justification offered by the Designating
6  Party may file and serve a motion that identifies the challenged material and sets forth in
7  detail the basis for the challenge.  Each such motion must (a) be made in strict compliance
8  with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement; (b)
9  accompanied by a competent declaration that affirms that the movant has complied with the
10 meet and confer requirements imposed in the preceding paragraph; and (c) set forth with
11 specificity the justification for the confidentiality designation that was given by the
12 Designating Party in the meet and confer dialogue.
13       Until the court rules on the challenge, all parties shall continue to afford the material
14 in question the level of protection to which it is entitled under the Producing Party's
15 designation.

16 7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

17       7.1.    <u>Basic Principles</u>. Unless previously filed or lodged with the Court, Protected
18 Material and the substance and content thereof, including any copies, notes, memoranda,
19 summaries, excerpts, compilations, or other similar documents relating thereto, shall be
20 used by a Receiving Party solely for the purpose of this litigation and not for any other
21 purpose, including, without limitation, any business or commercial purpose, or
22 dissemination to the media or public.  Any person in possession of Protected Material shall
23 exercise reasonably appropriate care with regard to storage, custody, or use of such
24 Protected Material in order to ensure that the confidential nature of the Protected Material is
25 maintained.  If Protected Material is disclosed or comes into the possession of any person
26 other than in the manner authorized by this Order, any Party having knowledge of the
27 disclosure must immediately inform the Producing Party (and, if not the same person or
28 entity, the Designating Party) of all pertinent facts relating to such disclosure and shall

make reasonable efforts to retrieve such Protected Material and to prevent further disclosure. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12 (FINAL DISPOSITION), below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel (who are expressly excluded from any requirement to sign the "Agreement to Be Bound by Protective Order" (Exhibit A));

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information;

(h) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order.

7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) The Court and its personnel (who are expressly excluded from any requirement to sign the "Agreement to Be Bound by Protective Order" (Exhibit A));

(d) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) The author of the document or the original source of the information.

8. DISCLOSURE TO EXPERTS

(a) Confidentiality Agreement. An Expert's access to Protected Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Expert execute the "Agreement to Be Bound by Protective Order" (Exhibit A). The "Agreement to Be Bound by Protective Order" (Exhibit A) shall be retained by Outside Counsel for the Party that retained the Expert, but need not be disclosed to any other Party.

(b) <u>Written Notice</u>. Before a Receiving Party may disclose, directly or indirectly, any Protected Material to an Expert, the Receiving Party must give written notice to the Producing Party of the Expert's current curriculum vitae.

(c) <u>Objection</u>. A Party that makes a written notice and provides the information specified in the preceding paragraph may disclose the Protected Material to the identified Expert unless, within three (3) business days of the written notice (plus three (3) additional business days if notice is given other than by hand delivery, email, or facsimile transmission), the Producing Party objects in writing.

(d) <u>Judicial Intervention</u>. If an objection is made, the parties shall meet and confer to try to resolve the dispute by agreement. If no agreement is reached, the objecting Party may move the Court for an order that access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" be denied the designated individual, or other appropriate relief. Such motion must be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement. Unless and until the Court determines otherwise, no disclosure of any such Protected Material shall be made by the Receiving Party to any Expert to whom an objection has been made.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) within seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver

a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   FILING PROTECTED MATERIAL

12.   In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or Highly Confidential – Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers, as ordered by the Court.

[PROPOSED] STIPULATED PROTECTIVE ORDER

FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must securely destroy all Protected Material or return all Protected Material to the Producing Party, at the Producing Party's option. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13.   MISCELLANEOUS.

13.1.   Injunctive Relief. The parties acknowledge that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Party does so, any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

13.2.   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.3. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Pursuant to the Parties' Stipulation,

**IT IS SO ORDERED.**

DATED: 9/1/2015  _____
Honorable Andrew J. Wistrich
United States Magistrate Judge

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Esquire Properties Trading Inc. v. Starmax Enterprises Inc.*, cv-09379-MMM-ajw, agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

16

**[PROPOSED] STIPULATED PROTECTIVE ORDER**